UNITED STATES DISTRICT COURT  C/M
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
SHAQUILLE DINKINS,                                       :
                                                         :
                            Plaintiff,                   :
                                                         :  **MEMORANDUM AND ORDER**
              -against-                                  :
                                                         :  16 Civ. 1368 (BMC)(LB)
DETECTIVE ALBERT BRUST, Shield #                         :
2001; DETECTIVE ANTHONY BARBEE,                          :
Shield # 64; and RICHARD ERICKSON                        :
a/k/a Riche Erickson,                                    :
                                                         :
                            Defendants.                  :
-------------------------------------------------------- X

**COGAN,** District Judge.

Plaintiff *pro se* brings this action for false arrest, malicious prosecution, and related claims against three New York City police officers under 42 U.S.C. § 1983. His claims arise from his arrest on May 29, 2014. The complaint alleges that the charges against him were dismissed on November 25, 2014.

The instant case is not the only § 1983 action that plaintiff has brought against New York City law enforcement employees. He also brought an action entitled Dinkins v. Shepherd, No. 15-cv-3202 (S.D.N.Y.) ("Shepherd"), in which he alleged that three Rikers Island corrections officers used excessive force on him on November 2, 2014. In addition, he brought an action entitled Dinkins v. Munoz, No. 15-cv-3218 (S.D.N.Y.) ("Munoz"), another excessive force case, in which he alleged that a corrections officer assaulted him on October 1, 2014.

In the instant case, the defendant police officers have moved to dismiss on the ground that in connection with Shepherd and Munoz, plaintiff executed a general release that encompasses the claims raised in this action. Plaintiff does not dispute that on or about November 15, 2015, in exchange for $1500, plaintiff settled the Shepherd and Munoz cases, and

in doing so, executed a general release that released not only the officers named in those two cases, but

> all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, collectively the "RELEASEES," from any and all liability, claims, or rights of action alleging a violation of my civil rights and any and all related state law claims, from the beginning of the world to the date of this General Release, including claims for costs, expenses, and attorneys' fees.

The law is clear that this release bars any claims that plaintiff that accrued prior to the date of the release. See A.A. Truck Renting Corp. v. Navistar, Inc., 81 A.D.3d 674, 675, 916 N.Y.S.2d 194, 196 (2d Dep't 2011) (holding that a valid release applies to existing cases or controversies as well as issues that have not yet ripened into litigation); see also Tromp v. City of New York, 465 F. App'x 50, 51 (2d Cir. 2012).[1] Indeed, I have enforced the language of a release in this context that was even narrower than the one that plaintiff signed here. See Jeffers v. New York, No. 14 Civ. 5659, 2014 WL 6675676 (E.D.N.Y. Nov. 25, 2014).

Plaintiff has no adequate response to the motion. He first contends that he commenced this action after he signed the release. But the commencement date of the action is not the operative date; rather, by the terms of the release, defendants are released from all liability that they might for events that occurred prior to November 15, 2015, not just claims that were pending on the date that plaintiff signed the release. Second, plaintiff contends that his claims have merit. But it is axiomatic that a general release encompasses all claims, whether they have merit or not. Finally, plaintiff notes that the terms of the release provide that it cannot be changed orally, but he would like to change it in writing. But it has not been changed in writing, and plaintiff has no ability to do so unilaterally.

---

[1] Defendants contend that "this action is barred by Tromp." Tromp is a non-precedential case and thus does not constitute controlling authority for the result reached here.

Accordingly, defendants' motion to dismiss is granted.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purposes of an appeal.  See <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).  The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

                                                            U.S.D.J.

Dated: Brooklyn, New York
       September 20, 2016